No. 72,542

In the Matter of JOHN C. WHITAKER, *Respondent*.

(888 P.2d 829)

Opinion filed January 27, 1995.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was on the formal complaints for petitioner.

*Thomas A. Hamill*, of Overland Park, argued the cause for respondent, and *John C. Whitaker*, respondent, argued the cause pro se.

*Per Curiam*: Three complaints filed by the office of the Disciplinary Administrator against John C. Whitaker, of Kansas City, Kansas, an attorney admitted to the practice of law in Kansas, have been consolidated for purposes of this original proceeding in discipline. Two of the complaints, B5594 and B5618, were consolidated and heard on the same date. Both of these complaints arose out of respondent's handling of an estate. Respondent stipulated that he was retained to handle a probate matter and that over a period of 14 months he repeatedly failed to communicate with his client in that he did not return telephone calls and refused to meet with his client. He ignored notices sent by the probate court to conclude the case and on a number of occasions falsely told his client that the work had been completed and filed or that it would be completed within the week. The judge notified respondent in writing that he must complete the estate work or he would be reported to the Disciplinary Administrator. In December 1992, the client filed a complaint and in January 1993 the probate judge filed a complaint. The two separate complaints form the basis of complaints Nos. B5594 and B5618.

The hearing panel found that respondent violated the following disciplinary rules:

"MRPC 1.3 [1994 Kan. Ct. R. Annot. 297] in that the respondent failed to act with reasonable diligence and promptness in representing a client.

"MRPC 1.4[(a)] [1994 Kan. Ct. R. Annot. 302] in that respondent failed to keep a client reasonably informed about the status of a legal matter, and failed to promptly comply with reasonable requests for information.

"MRPC 3.2 [1994 Kan. Ct. R. Annot. 347] in that the respondent did not make reasonable efforts to expedite litigation consistent with interest of his client; and

"Supreme Court Rule 207 [1994 Kan. Ct. R. Annot. 199], in that the respondent failed to cooperate in the investigation of this matter with the disciplinary administrator."

The disciplinary panel was aware that a third complaint had been filed and elected to withhold its recommendation as to the imposition of discipline until the third complaint was heard.

The third complaint, case No. B5738, also involved dilatory conduct on the part of respondent. In this complaint, respondent was employed in a workers compensation case. He soon learned that the employer was uninsured and insolvent, and had left the state. Respondent had considerable workers compensation experience, including representing the second injury fund, and was familiar with and knew how to implead the fund. Over a 28-month period respondent failed to implead the fund and failed to have the claimant examined by a physician. He further failed to return calls of the client and also told the client that he had impleaded the fund when in truth he had not.

After his client had filed a disciplinary complaint (at the suggestion of the administrative law judge), respondent did implead the fund but did not respond to the complaint or to the Disciplinary Administrator's letter. Respondent contacted his client and asked that the client write a letter to the Disciplinary Administrator explaining that the first letter of complaint was a mistake and that if the client would write such a letter, respondent would go ahead with the case. The client wrote the letter and furnished a copy to respondent but did not mail the original to the Disciplinary Administrator. Nothing further was done in the workers compensation case by respondent until after this complaint was heard by the panel, at which time respondent withdrew, and the workers compensation claimant has obtained other counsel.

The panel found respondent had violated the following disciplinary rules, to-wit:

"A. MRPC 1.1 [1994 Kan. Ct. R. Annot. 292] Competence: The Respondent failed to provide competent representation to his client in the field in which he was alleged to be competent.

"B. MRPC 1.3 Diligence: In that Respondent failed to act with reasonable diligence and promptness in representing the client.

"C. MRPC 1.4 Communication: In that Respondent failed to keep his client reasonably informed about the status of his workers compensation matter, refused to return telephone calls.

"D. MRPC 3.2 Expediting litigation: In that Respondent failed to make a reasonable effort to expedite litigation consistent with the interest of his client.

"E. MRPC 4.1 [1994 Kan. Ct. R. Annot. 360] Truthfulness in statements to others: By making a number of false statements and representations to complainant as to the filing of interpleader action which false statement[s] or representation[s] were done on numerous occasions.

"F. MRPC 8.4(c) (d) [1994 Kan. Ct. R. Annot. 379] Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation conduct that is prejudicial to the administration of justice."

The panel found that respondent's father and a close friend had both died, that he was having marital difficulties, and that he had been treated both voluntarily and involuntarily for substance abuse. He was also undergoing counseling through the Veterans AdministrationHospital for post-traumatic stress syndrome arising out of his service with the United States Armed Forces in Viet Nam.

Numerous attorneys have stepped forward with letters of recommendation attesting to respondent's good character and reputation in the community.

Respondent has had three informal admonitions for dilatory practice in the past.

The panel recommended that respondent be placed under supervision for one year.

We have reviewed the record and conclude the panel's factual findings and its conclusions of law are supported by clear and convincing evidence. Respondent has many problems that must be addressed and worked out. Respondent is doing so at the present time and appears to be responding to treatment and supervision. As a result, this court suspends the imposition of discipline.

IT IS THE ORDER OF THE COURT that the imposition of discipline against John C. Whitaker shall be and hereby is suspended and that respondent shall be placed on supervised probation for a period of two years from the date of this opinion.

IT IS FURTHER ORDERED that during the probation period respondent's practice of law shall be supervised by John E. Blake, Jr. Respondent is to allow Mr. Blake access to his office, his files, his employees, and his trust account, as well as to his treating doctors or health care providers. The supervising attorney shall periodically, but at least one time per month, check the following:

A. status of each case being handled by respondent;
B. efficiency and state of respondent's docketing system;
C. management of discovery;
D. responses to clients' requests for information;
E. respondent's trust account; and
F. views of the local judges as to their evaluation of respondent's performance and particularly his meeting of deadlines.

On a quarterly basis, the supervising attorney will report to the Disciplinary Administrator as to respondent's progress and/or problems which he observes. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

IT IS FURTHER ORDERED that during the probation period respondent shall continue treatment for his alcohol-related problems. He shall continue to regularly attend the sessions at the Veterans Administration Hospital, and he shall regularly attend AA meetings. Respondent shall report on a quarterly basis to the office of the Disciplinary Administrator, providing verification of the above treatment, care, and attendance at the AA meetings, and he shall submit copies of medical reports as directed by the Disciplinary Administrator. The Disciplinary Administrator is authorized to require additional reports at any time.

IT IS FURTHER ORDERED that respondent shall abstain from the consumption of alcoholic beverages and/or illicit drugs. The Disciplinary Administrator's office is authorized to require respondent to submit to random testing for alcohol or drug use at respondent's expense.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever dis-

ciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.