No. 72,542

In the Matter of JOHN C. WHITAKER, *Respondent*.

(914 P.2d 955)

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause for the petitioner.

*John C. Whitaker*, respondent, argued the cause pro se.

On January 27, 1995, this court entered its order suspending the imposition of discipline against respondent and placing him on supervised probation for 2 years, subject to specific conditions. *In re Whitaker*, 256 Kan. 939, 888 P.2d 829 (1995).

On April 21, 1995, respondent appeared before this court on a show cause order, and, on June 27, 1995, this court ordered that his supervised probation continue. On January 4, 1996, this court issued its second show cause order to respondent to appear and show cause why his supervised probation should not be revoked and appropriate discipline imposed.

Respondent's disciplinary problems arise primarily out of his addiction to alcohol and his inability to control or acknowledge the seriousness of his drinking problem. It is clear that respondent has not abstained from the consumption of alcoholic beverages, nor has he cooperated with the supervising attorney's attempt to supervise respondent's law practice as this court directed.

In the present case, the evidence is clear that respondent has failed to abide by the conditions of his supervised probation. Respondent's continued makeshift attempts to escape responsibility for his actions are not acceptable to this court. After due consideration of the arguments of the deputy disciplinary administrator and the response of respondent to the order to show cause, it is the judgment of this court that indefinite suspension from the practice of law is warranted under the circumstances in this case.

IT IS THEREFORE ORDERED that respondent John C. Whitaker be and he is hereby indefinitely suspended from the practice of law in Kansas, effective January 27, 1995, the date supervised probation was imposed by this court.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to respondent, and that respondent forthwith shall comply with Supreme Court Rule 218 (1995 Kan. Ct. R. Annot. 222).